## HOWARD *vs.* WHITTEMORE.

A sheriff, who has attached property on mesne process, and delivered it to a person apparently in good circumstances, taking his receipt and promise to re-deliver, is not liable if he demands the property upon the execution, and is unable to obtain it in season to satisfy it.

If a sheriff deliver an execution, which is unsatisfied, to the creditor's attorney, on or before the return day, and he accepts it without objection, the creditor is thereby precluded from maintaining an action against the sheriff for not returning the execution.

CASE, against the defendant, as sheriff of the county, setting forth the issuing of a writ of attachment in favor of the plaintiff, against one Daniel May—a delivery of the same to Pliny Whitney, a deputy of the defendant, for service—an attachment by him of certain personal property—a recovery of judgment in the suit, and a delivery of the execution within thirty days to said Whitney, for the purpose of being levied upon the property attached—with an averment that Whitney did not levy upon the property, but released the same from attachment, whereby the plaintiff hath lost his debt.

There was a second count, for not making due return of said execution.

The defendant pleaded the general issue, and filed a brief statement, setting forth substantially the facts hereafter stated.

It appeared from the return on the writ, Howard *vs.* May, that Whitney, as deputy sheriff, on the 25th January, 1833, attached certain property of said May, and on the same day delivered it to one Jonathan Farwell, and took his receipt for said property, to be returned to him on demand: That afterwards, on the delivery to him of the execution recovered in said suit, said Whitney, on the 14th of October, 1833, and within thirty days from the rendition of the judgment on which said execution issued, demanded the property of

said Farwell, who neglected and refused to deliver it ; and Whitney, within a reasonable time thereafterwards, commenced a suit against Farwell, on the receipt, which suit is still pending.

It appeared in evidence that Farwell was at the time of the attachment, and still is, a man of undoubted responsibility, as receipter of said property.

On the second count in the plaintiff's declaration, the defendant proved that said Whitney delivered the execution, with a return of the facts relative to the property attached, to the attorney of the plaintiff in that action, on or before the first day of the term to which the same was returnable. The attorney kept said execution in his possession until February term of the court of common pleas in said county, in 1835, and then returned it to the clerk of the court.

*Livermore*, and *C. H. Atherton*, for the defendant, cited 5 *N. H. R.* 433, *Runlett* vs. *Bell.*

*Farley*, and *Dodge*, for the plaintiff, argued that the case of Runlett *vs.* Bell was decided upon the ground that the plaintiff had adopted the acts of the officer, which was not the case here.

PARKER, J. It is settled in the case Runlett *vs.* Bell, cited for the defendant, "that if a sheriff deliver goods which 'he has attached by virtue of mesne process, to persons who 'are apparently in good circumstances, for safe keeping, he 'will not be liable if the goods are lost through the eventual 'insolvency of the persons to whom they may have been 'delivered." This is not made to depend upon any adoption by the creditor of the acts of the sheriff, but is set down as a general principle ; and we see no cause to overrule or qualify the principle, which is well supported by the analogies there adduced. It was further held, in that case, that where the creditor adopts the act of the sheriff, by bringing a suit

in the name of the sheriff, against the bailees, he precludes himself from disputing their sufficiency.

The remaining question is, whether the facts in this case show a sufficient return of the execution; or, in other words, whether after a return of the execution, in due time, to the attorney of the creditor, and an acceptance by him, without any objection, the creditor can sustain an action against the sheriff for a neglect to make a return to the clerk's office.

That there has been, in this state, a very uniform practice by sheriffs to re-deliver executions upon which no levy has been made, to the creditor's attorney, from whom they received them, is well known, and not disputed in this case. And probably in a great majority of instances where goods are sold, or lands set off, upon execution, the executions have been handed to the creditor's attorney, in order that he might see the proper disposition made of them. Where the executions remain wholly unsatisfied, this is, in many instances, a very convenient practice, as further proceedings are to be taken by the attorney to enforce the collection; and we see no good reason why, after such a return to his agent, and an acceptance by the agent, acting in behalf of the creditor, the latter should maintain an action against the officer, simply for not making a return of the precept to the court, or clerk's office. The delivery to the attorney who committed the precept to the officer must be as effectual for the protection of the officer, as if it had been delivered to the creditor himself; and should an officer deliver the execution to the creditor on or before the return day, and he consent to receive it, without any objection or imposition, it cannot admit of doubt that he would thereby preclude himself from maintaining an action for the mere neglect to return. He must be considered in such case as undertaking to make the return himself, or as waiving his right to require it.

The same principle which is applied in this case must be applied to the return of writs of attachment; and it would

Howard
*vs.*
Whittemore. cause great inconvenience if attornies were not at liberty to accept the delivery of writs which they had caused to be issued, and waive the necessity for their return by the officer to the court on the day of its sitting.

*Judgment for the defendant.*

*Memorandum.* Mr. Chief Justice RICHARDSON died at his residence in Chester, on the 23d of March, 1838, aged 64.

*Memorandum.* Mr. Justice PARKER was appointed *Chief Justice;* and LEONARD WILCOX, Esq., *Associate Justice,* June 25, 1838.